CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

APR 21 2008

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL ANTHONY PORTER,<br>    Plaintiff, | Civil Action No. 7:08-cv-00261 |
| v. | **MEMORANDUM OPINION** |
| GENE JOHNSON,<br>    Defendant. | By: Hon. Glen E. Conrad<br>United States District Judge |

Plaintiff Michael Anthony Porter, Virginia inmate number 366560, currently an inmate at Halifax Correctional Unit #23 ("Halifax") in Halifax, Virginia, has filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343, alleging that he has been denied proper medical attention.[1] Upon consideration of the complaint, it is clear that plaintiff has not fully exhausted the inmate grievance procedure. Because plaintiff did not exhaust his administrative remedies before filing this action, his claims must be dismissed pursuant to 42 U.S.C. § 1997e(a).

The Prison Litigation Reform Act requires that inmates exhaust all available administrative remedies before filing an action challenging prison conditions. 42 U.S.C. § 1997e(a); see also, Dixon v. Page, 291 F.3d 485 (7th Cir. 2002), citing Perez v. Wisconsin Dep't of Corrections, 182 F.3d 532, 535 (7th Cir. 1999) (holding that an inmate complaint must be dismissed for failure to exhaust even if the inmate demonstrates that he filed a grievance and appealed it to the highest level

---

[1] Plaintiff suffered a severed tendon in a work party accident on September 18, 2007. Plaintiff alleges that the negligence of several parties has rendered the injury to the tendon irreparable. Based on plaintiff's allegations and amendments, the court could dismiss the complaint under 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted, because negligence does not state a claim under 42 U.S.C. § 1983. See Estelle v. Gamble, 429 U.S. 97, 104-06 (1976) (disagreements between an inmate and medical personnel over diagnosis or course of treatment and allegations of malpractice or negligence in treatment are not cognizable constitutional claims under the Eighth Amendment); Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). However, because of the possible prejudice to plaintiff's ability to bring civil rights complaints should the court dismiss the instant complaint for failure to state a claim upon which relief may be granted, see 28 U.S.C. 1915(g), the court will dismiss it pursuant to 42 U.S.C. § 1997e(a).

of the prison's grievance procedure after commencing the lawsuit). The exhaustion requirement "applies to all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (2002). Proper exhaustion of administrative remedy procedures for purposes of § 1997e(a) means using all steps that the agency holds out, and doing so properly, so that the agency addresses the issues on the merits. See, e.g., Woodford v. Ngo, 548 U.S. 81, __, 126 S.Ct. 2378, 2385-86 (2006). Section 1997e(a) applies whether or not the form of relief the inmate seeks is available through exhaustion of administrative remedies. Booth v. Churner, 532 U.S. 731, 741 (2001). The exhaustion provision is mandatory, even in those instances where an inmate claims that exhaustion would be futile or the remedy inadequate. Id. n.6. A district court may sua sponte dismiss a complaint where a prisoner's failure to exhaust is apparent from the face of the complaint. Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 683 (2005).

Generally, inmates have a grievance procedure available that includes the following steps: an informal complaint; a regular grievance; and one or two levels of appeal, depending on the type of claim raised. In support of the instant complaint, plaintiff submitted documentation of his having filed inmate requests, informal complaints, and regular grievances (which were rejected for procedural deficiencies) regarding his medical issues; however, the court's thorough review of plaintiff's submissions failed to disclose any evidence of complete exhaustion by appealing to the highest level of review, in spite of plaintiff's statement purporting to verify that he had exhausted all available administrative remedies. Thereafter, on April 7, 2008, the court conditionally filed plaintiff's complaint, and requested, inter alia, that he submit further documentation demonstrating that he had exhausted all available administrative remedies. Plaintiff's compliance with this request has yielded only another verified statement of exhaustion, with no documents suggesting that he has

2

exhausted all available administrative remedies by properly grieving and appealing to the highest level any adverse outcomes. As the court has already observed, proper exhaustion means full exhaustion of all available levels of appeal. Woodford, 548 U.S. at __, 126 S.Ct. at 2384-86.[2] Because it appears from the face of plaintiff's own pleadings and the content of the documents he has submitted in support of his verified statement that plaintiff has not fully exhausted all available administrative remedies, as required pursuant to 42 U.S.C. § 1997e(a) before filing a federal lawsuit, this complaint will be dismissed. See Anderson, 407 F.3d at 683.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 21st day of April, 2008.

_____
United States District Judge

---

[2] Woodford, 126 S.Ct. at 2384-86, upheld a district court's dismissal of a complaint upon finding that the plaintiff failed to properly exhaust all available administrative remedies where the initial grievance was rejected because it was not filed within the 15 working day period prescribed by the regulations of the California Department of Corrections. See Wells v. Cain, et al., Civil Action No. 7:07-cv-00418 (W.D. Va. February 20, 2008) (applying Woodford and granting summary judgment in favor of defendants; plaintiff failed to properly exhaust the administrative remedies available to her through the inmate grievance system, as required by 42 U.S.C. § 1997e(a), and the grievance procedure had become unavailable to plaintiff regarding the claims at issue in the complaint because she had failed to utilize the grievance procedures in a timely fashion); Cooper v. Schilling, et al., Civil Action No. 7:06-cv-00296 (W.D. Va. November 20, 2006) (Turk, S.J.), slip op. at 3-5 (Virginia inmates are required to exhaust claims in accordance with the grievance procedures established by the VDOC); Davis v. Stanford, 382 F. Supp. 2d 814, 818 (E.D. Va. 2004) (same); Lawrence v. Va. Dep't of Corr., 308 F. Supp. 2d 709, 718 (E.D. Va. 2004) (where prison policies require inmates to file grievances within a specified time period following a complained-of event, but plaintiff is unable to do so because the period has expired, plaintiff is still required to "appeal[] [the] procedural denials to the point of exhaustion of . . . administrative remedies," id. at n. 14, before filing § 1983 action).